Thank you and good morning. May it please the court, my name is Jeffrey Ellis. I represent the habeas petitioner, appellant Bruce Casaway. Rather than reserve any time for rebuttal, I'll just take the full ten minutes and if there's a natural breaking point and I have time left on the clock, I'll use that for rebuttal with the court's permission. The road to Apprendeland is not a single lane road. It has additional roads that converge with and diverge from it. And this is a case that meets at the intersection of Apprende, Blakely and Ring, as well as the Almendarez-Torres exception and Shepard v. United States discussing the use of new fact finding related to old convictions in order to increase a sentence. Why is this fact finding? Well, first of all, I think we don't necessarily know what the trial court did in this case. We know that the prosecutor urged additional fact finding because we have a Texas conviction that the state alleged was essentially a strike or a most serious offense, that its elements were similar to the Washington elements. Elements is the key, it seems to me, and certainly my question at least, not speaking for anyone else, but if the judge's job is to look at the statutory elements of a crime from Texas and the statutory elements of a crime from another state, isn't that a strictly lawyer's job and not a fact finding job? If that's all that was happening, I would agree that it would be, it would not violate the Sixth Amendment and it would not implicate the right to a jury trial. If there was simply a comparison of elements from one state to another, but that's not what the prosecutor urged in this case. The prosecutor urged that the court look at facts that apparently were not admitted or proven beyond a reasonable doubt at the time of conviction and then to find those facts for the first time and conclude that Mr. Cassaway committed the Texas assault intentionally instead of recklessly. Do we look at what the trial court did, the trial court's order, or do we look at the State Court of Appeals opinion? The difficulty with the, what I would suggest you do is you certainly look at the State Court of Appeals for purposes of resolution. The problem with the State Court of Appeals is it says that Blakely is not implicated because this is not an exceptional sentence, there's no fact finding ever that takes place here. The problem, of course, was that at the time under Washington law, Washington law allowed a trial judge, a sentencing judge, to find new facts related to an old conviction in order to increase the sentence. But if you look at the State Court of Appeals decision, didn't they do just what Judge Graber was suggesting to you? They certainly set out, after they reject the Blakely argument, they set out to do a comparison of the elements, but what they failed to do is to discuss the differences in those elements. Because again, the Texas assault statute can be committed recklessly and Washington requires intentionality. And they don't explain how those things match up. And let me ask you this, if they made a mistake in their interpretation or understanding of Washington law, why does that rise to the level that could be addressed on federal habeas? Well if that's what they did, then it doesn't result in a cognizable habeas claim. Well that's what they said they were doing. They said it counts where the elements of the foreign conviction are comparable to the elements of a Washington strike offense on their face. And then they looked at it. But first of all, the issue was raised in the context of a Blakely claim, of a Sixth Amendment claim. And they reject that out of hand. Then they go on to do some comparison and then they get to the next claim that was raised on direct appeal, which was this argument that because the Texas statute was not submitted as a piece of evidence, that the prosecutor had not carried his burden of proof at the sentencing hearing to prove comparability. Really what I'm arguing is that the process that took place in the trial court that was really similar to Shepard's modified categorical approach. Certainly if we were just talking about the old, to again use the analogy, the old Taylor approach of just the categorical approach, where all you do is compare statutory elements to statutory elements, there wouldn't be a Sixth Amendment violation. But here we have sort of a modified approach because the Texas statute is broader than the Washington statute. I don't understand how that matters, though, once you have a decision by the Intermediate Court of Appeals that you acknowledge looks at the elements of the two statutes and concludes that they're comparable. And I guess I'm just not clear that the Washington Supreme Court does that. Certainly it goes down and conducts some analysis. It apparently discusses the two statutes and then it rejects the argument that's made that the failure to introduce the statute was not an error. But it doesn't appear to me to be comparability analysis and that was not the issue that was raised by direct appeal counsel. And in any event, it's clear that what the court would need to do in order to do the comparability analysis is to say Texas' statute is broader than Washington's statute. That's not hard to figure out. It allows an assault to be committed recklessly. Washington requires it to be committed intentionally. Did Mr. Cassaway admit at the time of conviction that he committed his crime in Texas intentionally as opposed to recklessly? If that were the case, we would fall within the Sheppard analysis, the approved analysis in Sheppard. But that's not the issue raised. And I would submit that the Court of Appeals simply engages in some superfluous discussion for purposes of rejecting both the Blakely issue, which it concludes the Sixth Amendment doesn't apply ever, and the argument that counsel made that the failure to introduce a statute as an exhibit resulted in deficient proof. In rejecting that latter argument, the Court said it was sufficient that it was attached to a brief, which suggests a form of judicial notice of statutes. It doesn't suggest fact finding. I mean, the whole premise of the decision, it seemed to me, was that it isn't factual in nature. And I think that's exactly what the Court is doing, is they're explaining why the comparison of elements is not a factual question and doesn't depend on proof of facts. A Washington judge can certainly look at the Texas statute that exists at the time. It doesn't need to be proven like a fact. And that's what the Court is doing, is it's simply running through and saying, because we can look these things up, because we can determine what the statute was at the time, it's not an element of proof. My complaint is not about that. I have no complaint about the Washington Court of Appeals comparing one statute and drawing the sort of source, if you will, of the Texas statute from the Texas law, as opposed from the trial court record. The problem, and the Court never addresses it, is again that the Texas statute is broader than the Washington statute. And in this case, the prosecutor urged that the Court find new facts. He read from the grand jury indictment and said, essentially, you see he did it intentionally. And the trial judge agreed, yes, that's right, we can determine from those allegations, allegations that don't appear to be proven, that it was done intentionally. Ultimately, I think the easiest way to answer this question is to certify this question to the Washington Supreme Court and ask the Washington Supreme Court, are these two statutes comparable? Do we, or do additional facts need to be found in order to make that determination? But they've already done that. I mean, you characterized the opinion as if it dealt with the hypothetical, dealing with what the process is, and didn't touch on the elements of these two statutes. And yet, I'm looking at the opinion, and they did exactly that. They compared element to element, and they made a finding already that the two statutes were comparable, without any discussion of facts. And what I'm saying is they necessarily would have had, in order to make that determination, a comparability determination, if that's indeed what they were doing, they would have to discuss the differences in the two statutes. But this, I guess, repeats something that Judge Pai has asked you earlier, but it seems to me that what you're really arguing is that there's a legal analysis that's erroneous on the part of the Washington Court of Appeals, and that's not the same as saying that they engaged in, or had to engage in, fact finding. They said the two statutes on their face are comparable, and you're quarreling with that, but I'm not sure why that turns into a fact. I guess what I'm saying, and I'm running out of time, so I'll try to make it succinctly, is that I'm not complaining about the legal analysis. I'm arguing that because they didn't deal with the differences in the statute, that is proof that they actually didn't engage in comparability analysis sua sponte. We'll hear from Mr. Rosen. May it please the Court. My name is Greg Rosen. I'm an Assistant Attorney General. I represent the respondent in this matter. There are two reasons why the district court's decision should be affirmed under the AEDPA, and that is this Court's bailiwick, as it were. We're discussing this case under the parameters of the AEDPA. Blakely has not been extended by the Supreme Court to apply to a comparability analysis of out-of-state convictions or to a three-strike sentencing statute like the POAA. Therefore, the State Court of Appeals determination that Blakely didn't apply to the POAA was not objectively unreasonable. Two, Mr. Cassaway pled guilty to both of his Texas convictions. Even if this Court finds that the State Court's comparability analysis did not fall within the prior conviction exception, it did not violate Blakely because the State Court found facts admitted to by Mr. Cassaway. Now, counsel indicated that the trial court in this particular case found facts not admitted or proven beyond a reasonable doubt. I would respectfully disagree. As I indicated, Mr. Cassaway pled guilty to both of his Texas convictions. He admitted in his statement on plea of guilty in Texas to admitting all of the allegations in the indictment. Those facts were not proven beyond a reasonable doubt. It's not entirely clear, though, what the trial judge relied on. Didn't the trial judge ask for additional information that the prosecutor hadn't presented originally? Said it would be a matter of interest to see what the circumstances, underlying circumstances of the Texas crimes were? Yes, Your Honor. That's certainly true. And there were never any detailed findings by the trial judge as to his basis for concluding that the statutes were comparable, right? That's true. There were no written findings that I'm aware of. However, even under – I'm sorry, Your Honor. Go ahead. Well, so we – as far as the trial court's concerned, we're not sure on what basis the trial judge reached the determination that the two statutes were comparable. Even under – while the trial court did not issue written findings, you are correct, Judge Burns. Even under Shepard, the sentencing court is permitted to consider the charging document. That's right in the verbiage of the Shepard opinion. It states, is limited to the terms of the charging document, terms of the plea agreement, other verbiage, or some comparable judicial record of this determination. What else did the trial court get in this case? I know the trial judge requested information about the circumstances. What was provided in response to that request? Well, this is mentioned at Mr. Castaway's SERs, at 26-27, when the prosecutor engages in a colloquy with the trial court as to pleading guilty to the two Texas convictions. My understanding of the documents – and I have actually copies of them, which are not in the record at this time – is that the trial court received a statement of defendant on plea of guilty as to the aggravated – third-degree aggravated assault. It received a judgment on plea of guilty to that same crime. It received a copy of the grand jury indictment. And I believe it also received documentation as to the robbery, which is one of the three strikes. What was the documentation? As to the robbery? My recollection is it was a judgment on plea of guilty. The assault was what was mentioned in this court's COA grant, so that's what I focused on, was the assault. But all court papers, not police reports and the like, not probation reports. No. This isn't a police report situation, which was the situation in the – Let me ask you, other than determining exactly what Texas criminal offenses you pled guilty to, to conduct the comparability analysis under the Washington Sentencing Reform Act – Yes, Your Honor. For enhancement based on out-of-state convictions. What more is necessary other than a determination of the out-of-state, you know, the exact crimes for which he had pled guilty? My understanding – And then looking at the elements under here, Texas, of those crimes, and the elements of a comparable statute here in Washington. What other facts are necessary? My understanding is, Your Honor, my understanding of the state law in that area is that if the trial court engages in a two-step process, the first step is to compare the elements between the respective states. The second step is to compare the factual basis of the particular crimes. But I think it's important to remember, Your Honor, is that even if the Court of Appeals' decision here was incorrect as its comparability analysis, being incorrect isn't sufficient for federal habeas relief. Mr. Castaway, in order to have federal habeas relief granted to him, must show that the incorrect – and I think the Supreme Court said this in Lockyer v. Andrade – is not enough for federal habeas relief. He must show that the state court decision was objectively unreasonable. And he can't show that here because Blakely has never been extended to cover this particular situation of a comparability analysis of out-of-state convictions or as to a three-strike statute. Unless he can show a Supreme Court decision which addresses this situation, he can't show that the Washington Court of Appeals' decision was objectively unreasonable. And the Supreme Court said as much in Carey v. Musladen. We've discussed – this Court discussed with counsel and has discussed with me the specifics of the comparability analysis. But I would respectfully submit comparability is a dispute about, rather than the fact of, Mr. Castaway's Texas convictions. And the Supreme Court said in Blakely and Apprendi that there is a specific prior conviction exception. And it says, other than the fact of a prior conviction. Comparability is about the nature of those crimes. It doesn't go to the fact of those Texas convictions. Consequently, Mr. – You mean the underlying facts? Correct. Correct. The fact that he was convicted, that he was found guilty and convicted beyond a reasonable doubt. There's a specific prior conviction exception that the Supreme Court has set out in Almond, Doris, Torres and has continued. And that prior conviction, although this Court has certainly narrowed it or applied it in a narrow fashion, it did so in Butler. But as the Court also indicated in Kessy v. Mendoza Powers, the Supreme Court has not given explicit direction on the specific scope of the prior conviction exception. And as I indicated, if Mr. Castaway can't show that there's a U.S. Supreme Court decision as to this particular set of facts, he can't show that the State Court of Appeals decision here was objectively unreasonable. And that's his burden under the AEDPA. And I submit respectfully he fails to do so. I would ask that this Court please affirm the district court's decision and dismiss the petition with prejudice. Thank you. Thank you, counsel. We appreciate the arguments of both counsel. They've been very helpful. And the case just argued is submitted.
judges: Burns, Graber, Paez